IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamie Lamond Bowens, #228067, ) | C/A No.: 8:07-3656-JFA-BHH |
| a/k/a Jamie Bowens, Jamie L. Bowens, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | O R D E R |
| ) | |
| Dr. Charles M. Miyaji; and SCDC; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Jamie Lamond Bowens, was an inmate at the Kershaw County Correctional Institution in South Carolina during the time of the matters alleged in his complaint. He initiated this action pursuant to 42 U.S.C. § 1983 contending that defendant Dr. Miyaji injured him during surgery to his jaw. He seeks money damages and costs.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court dismiss the complaint for failure to state a claim on which relief can be granted. The Magistrate Judge notes that negligence, in general, is not actionable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986). The Magistrate Judge further suggests that because the SCDC is a state

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

agency, it has immunity from suit under § 1983 for monetary damages pursuant to the Eleventh Amendment of the Constitution.

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on November 26, 2007. However, the plaintiff did not file any objections[2] to the Report within the time limits prescribed.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
January 23, 2008                                         United States District Judge
Columbia, South Carolina

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).